UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 OCT 20 PM 4:08

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** vs. SONG GUO ZHENG, **Defendant.** | Case No. Judge **INFORMATION** 18 U.S.C. § 1001(a)(3) |

2:20 cr 182

[Judge Marbley]

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNT 1
### FALSE DOCUMENTS
### IN AN IMMUNOLOGY RESEARCH FRAUD SCHEME

1.  Defendant SONG GUO ZHENG is an Ohio State University (OSU) professor who led a National Institutes of Health (NIH) immunology research team and who made and used false documents in a fraud scheme to hide his affiliation and collaboration with a Chinese university, controlled by the People's Republic of China (PRC), in order to leverage millions of dollars of NIH grants to advance Chinese medical research.

2.  Specifically, from on or about June 1, 2013, through and including April 1, 2020, Defendant ZHENG devised and intended to devise a scheme to defraud the NIH, by willfully and knowingly making and using false writings and documents, knowing the same to contain materially false, fictitious and fraudulent statements and entries in a matter within the jurisdiction of the executive branch of the Government of the United States, by false documents submitted as described below in Columbus, Ohio in the Southern District of Ohio, while knowing and

believing the documents would be relied upon by the NIH in the decision to authorize immunology research grant funding to ZHENG.

3.  Defendant ZHENG is a lawful permanent resident of the United States, also known as a "green card" holder. ZHENG was a professor and researcher at OSU in the field of Rheumatology and Immunology funded by federal medical research grants. ZHENG was employed by OSU since approximately February 2019, and prior to that he was employed as a Professor of Medicine and Director of Rheumatology Research in the Department of Medicine at the Pennsylvania State University (PSU) Hershey College of Medicine (2013-2019), and prior to that he was a post-doctoral fellow, Assistant Professor and an Associate Professor at the Keck School of Medicine, Division of Rheumatology at the University of Southern California (USC) (2000-2012).

4.  As a faculty member at OSU, ZHENG owed a duty of loyalty and candor to OSU at all times and was aware that foreign association, and all conflicts of interest, needed to be reported to OSU and others. As part of its reporting requirements, OSU requires professors and researchers, like ZHENG, to disclose any potential and actual conflicts of interest, among other things, involving a receipt of more than $5,000 in income from another source. This obligation required ZHENG to notify OSU of any conflicts within 30 days after they arise.

5.  While employed at all three institutions, ZHENG worked on research grants funded by the NIH, an executive agency of the United States Department of Health and Human Services. The NIH regularly partners with U.S. universities, medical schools, and other research institutions to enhance health, lengthen life, and reduce illness and disability. In order to receive NIH funding, non-NIH research institutions must submit a detailed application describing, among other things, the purpose and scope of the proposed research, the amount of funding

2

requested, and how the funding will be used. Both during the application process, and periodically after an award is made, the institution must also disclose to NIH all foreign collaboration and foreign sources of research support, including, but not limited to, research grants, cooperative agreements, contracts and/or institutional awards.

6. Beginning as early as 2013 and continuing through the date of this Information, ZHENG was also employed at the Third Affiliated Hospital (TAH), Sun Yat-Sen University (SYSU), managed and run by the PRC Ministry of Education.

7. ZHENG served as the Project Manager on at least three grants issued by the National Natural Science Foundation of China (NSFC) during the same time period that he applied for and/or received NIH-funded research. Established on February 14, 1986, the NSFC was an institution directly under the jurisdiction of the PRC's State Council, tasked with the administration of the NSFC from the PRC Central Government. In 2018, it was managed and run by the PRC Ministry of Science and Technology, also known as MOST.

8. Despite ZHENG's disclosure obligation to OSU and under federal law, he repeatedly made false statements and omissions that concealed his conflicts of interest. For example, ZHENG sent an email falsely stating to PSU that his collaboration with SYSU had no financial involvement. On a CV he provided to OSU, ZHENG omitted disclosure of his connection to and financial interest in SYSU. In or about February through April of 2019, ZHENG made his conflict of interest disclosures to OSU regarding outside employment and significant financial interests that could be viewed as a conflict of interest between ZHENG and the University. He did not disclose his affiliation with SYSU. Through these false statements and omissions, ZHENG concealed his affiliation with SYSU from both PSU and OSU with full knowledge that his conduct was unlawful, and while applying for NIH grants through the

3

universities, which relied upon ZHENG's false statements regarding his affiliations, and transmitted them as required in grant application process.

9. While working for SYSU, which is administered by the PRC Ministry of Education, ZHENG received grants from the NSFC, yet continued to seek and was awarded NIH-funding in the United States. ZHENG continued to conceal his affiliation and collaboration with SYSU from OSU and PSU while knowing that the universities were falsely certifying to NIH that ZHENG did not have conflicts of interest and did not receive "other funding" from the PRC in submissions to NIH regarding NIH-funded projects the universities sought and obtained on ZHENG's behalf. ZHENG's false documents were critical to his fraud scheme to obtain NIH-funding and they were material because the NIH would not have authorized grants, in the form of immunology medical research money, if his Chinese affiliations and collaborations were reported.

10. It was also part of the fraud scheme that ZHENG concealed his membership with PRC Talent Plans. The Thousand Talents Plan Program was established in 2008 by the PRC to recognize and recruit leading international experts in scientific research, innovation, and entrepreneurship. The program was further elevated in 2010 to become the top-level award given through China's National Talent Development Plan, a plan that was conceived jointly by the Central Committee of the Communist Party of China and the State Council of the People's Republic of China

11. In or about March 2013, ZHENG signed a PRC Thousand Talents Plan application wherein ZHENG highlighted his receipt of grant funds, including from NIH and private sources. Under the talent program, ZHENG indicated he planned "to bring innovate biological medicine product projects back to China to conduct clinical research on related

4

diseases. [The PRC expects talent plan members]…to make significant contribution to China's industrialization of biological medicine." ZHENG noted in his talent plan application, "[c]urrently, biomedical products are basically monopolized by USA, Europe, and Japan; the applicant will bring back several innovative products and conduct clinical transformation of the products in hoping to develop China's brand in the biomedical area." ZHENG also expected "to fill China's gap in disease treatment in the area." Further, ZHENG hoped "to cultivate a group of research talents in the area and help SYSU being a world class immunology research center." Finally, ZHENG indicated that his "team will use the technologies and animal models that [ZHENG] built abroad to promote China's research and cultivate talents in immunology research at SYSU."

12. It was part of the scheme that ZHENG defrauded NIH by obtaining U.S. federal program funds by making and using false documents and writings hiding his affiliation with SYSU to OSU and PSU. ZHENG's fraudulent misstatements and omissions through false documents to OSU and PSU about his affiliation with SYSU caused the universities to falsely certify to NIH that ZHENG did not have conflicts of interests and which omitted ZHENG's "other funding" from the PRC in applications and submissions related to NIH-funded projects that universities sought and obtained on ZHENG's behalf. Had ZHENG fully disclosed to OSU and PSU his affiliation and collaboration with SYSU and receipt of NSFC grants, the universities would have disclosed this employment and "foreign support" to NIH. If ZHENG's false documents were known to the NIH, the NIH would have denied ZHENG funding.

13. On or about April 19, 2019, Defendant SONG GUO ZHENG, did willfully and knowingly make and use a false writing and document, through the electronic submission of NIH grant application 7 R61 AR073049-03, knowing the same to contain a materially false, fictitious,

5

and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by hiding his affiliation and collaboration with SYSU, a Chinese University administered by the PRC's Ministry of Education, to advance Chinese immunology research by obtaining NIH federal program funds in the form of medical research grants.

All in violation of Section 1001(a)(3) of Title 18 of the United States Code.

DAVID M. DEVILLERS
United States Attorney

DOUGLAS W. SQUIRES (OH 0073524)
S. COURTER SHIMEALL (OH 0090514)
Assistant United States Attorneys
CHRISTOPHER ST. PIERRE (OH 0097673)
Special Assistant United States Attorney
Attorneys for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Douglas.Squires@usdoj.gov

FOR MJM

MATTHEW J. MCKENZIE (NY 4791513)
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 514-7845
Matthew.McKenzie@usdoj.gov